**NOT FOR PUBLICATION**

FILED

APR 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAMOON, INC., | No. 08-56868 |
| Plaintiff - Appellee, | D.C. No. 8:08-cv-00009-AHS-AN |
| v. | |
| LAMOUR NAIL PRODUCTS, INC., | MEMORANDUM [*] |
| Defendant-third-party-defendant - Appellant, | |
| and | |
| ALFALFA NAIL SUPPLY, INC.; REGAL NAILS, SALON AND SPA, LLC, | |
| Defendants, | |
| and | |
| CONSORTIUM OF RESEARCH EXPERTS, INC., DBA Core Nail Supply, | |
| Defendant-third-party-defendant. | |

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, Senior District Judge, Presiding

Argued and Submitted March 5, 2010

Pasadena, California

Before:   CANBY and W. FLETCHER, Circuit Judges, and TUNHEIM,[**] District Judge.

In March 2007, Lamoon, Inc. ("Lamoon") and Lamour Nail Products, Inc. ("Lamour") entered into a settlement agreement terminating a trademark infringement lawsuit by Lamoon against Lamour. In 2008, Lamoon brought suit against Alfalfa Nail Supply, Inc., Regal Nails Salon & Spa LLC, and a Regal Nails franchise (collectively "Alfalfa Defendants"), distributors of Lamour's products. The Alfalfa Defendants filed a third-party complaint against Lamour for indemnity and contribution. Along with its answer to the third-party complaint, third-party defendant Lamour asserted claims against plaintiff Lamoon for breach of contract and implied equitable indemnity.[1] Lamour's claims alleged that Lamoon breached the settlement agreement between Lamoon and Lamour by bringing suit against the

_____

[**]      The Honorable John R. Tunheim, US District Judge for District of Minnesota, sitting by designation.

[1]      The parties and the district court refer to the third-party defendant's claim against the plaintiff as a "counterclaim." Such a claim is properly referred to simply as a "claim." *See* Fed. R. Civ. P. 14(a)(2)(D).

Alfalfa Defendants. Lamoon responded with a motion to strike Lamour's claims under California's anti-SLAPP law, Cal. Civ. Proc. Code § 425.16. On October 14, 2008, the district court granted plaintiff Lamoon's anti-SLAPP motion. We affirm.

Lamoon's claims against the Alfalfa Defendants fall within the categories of protected speech set forth in California's anti-SLAPP law, Cal. Civ. Proc. Code § 425.16(e). "A claim for relief filed in federal district court indisputably is a 'statement or writing made before a . . . judicial proceeding.'" *Navellier v. Sletten*, 29 Cal. 4th 82, 90 (Cal. 2002). "The constitutional right of petition encompasses the basic act of filing litigation." *Id.* (internal quotation marks omitted). Lamour's claims were a direct response to Lamoon's protected act of filing suit against the Alfalfa Defendants. They therefore "arise[] from" Lamoon's protected speech or petitioning. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003).

Lamour has not met its burden of demonstrating that its claims are "legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by [Lamour] is credited." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001) (quoting *Wilcox v. Superior Court*,

27 Cal. App. 4th 809, 823 (Cal. Ct. App. 1994), *overrruled on other grounds by Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (Cal. 2002)).

Lamour has not demonstrated a probability of success on the merits of its breach of contract claim. If the Alfalfa Defendants are covered agents or affiliates of Lamour, Lamour is itself in breach of the settlement and Consent Judgment because of the Alfalfa Defendants' infringing acts. If the Alfalfa Defendants are not covered by the settlement agreement, they are independent infringers of Lamoon's trademark. In neither case does Lamoon's lawsuit breach the terms of the settlement agreement with Lamour. Either Lamoon is bringing suit to enforce the agreement, or it is bringing suit against entities not parties to the agreement. The fact that those parties sought indemnity and contribution from Lamour does not breach Lamoon's promise not to bring suit against Lamour.

Lamour has also failed to demonstrate a probability of success on the merits of its equitable indemnity claim. Lamoon is not seeking to recover twice, but to enforce the terms of the settlement and injunction.

We also affirm the district court's decision not to grant Lamour leave to amend its complaint. "A district court does not err in denying leave to amend where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009). Both of Lamour's claims depend on the faulty premise that

4

Lamoon's suit breaches the agreement between them. Because Lamour's claims have underlying legal deficiencies that cannot be cured, amendment would be futile.

**AFFIRMED**.